Sedgwick, J.
action was upon a due bill, made by defendant payable to plaintiff.
The first defense, as claimed, was that the due bill was without consideration. The testimony showed that the consideration was the transfer of an interest in a business.
. It is claimed by defendant that the business had no value, or not the value represented by defendant. The agreement was that the amount of the bill should be paid, unless the defendant, being dissatisfied with the business, should return to the plaintiff what was transferred to defendant. The defendant did not return, but transferred it to a third party, as an assignee, for the benefit of the creditors of defendant and his partner. There was, therefore, a legal and valuable consideration.
The defendant also set up a counter-claim for damages, based upon allegations that the defendant had been induced to buy the interest referred to by fraudulent representations made by plaintiff.
If such fraudulent representations had been made and had induced the purchase, it is supposable that the defendant might have rescinded the original contract and demanded the repayment of the consideration that had been given by him. His own testimony showed that after he was informed of what he claims to have been the falsity of the representations, he affirmed the arrangement, not only by the assignment, but by other acts of dominion over the business, which acts confined him to the exercise of his right under the contract as made, to return the stock, etc., if he were dissatisfied.
As to a right to damages for fraud, in inducing the defendant to enter into the business, none were shown. The defendant conducted the business as he pleased. The business turned out to be unprofitable, but there was no evidence to show that this was the result of the non-existence of the facts claimed to have been represented by the plaintiff as existing, and not the result of the defendant’s management of the business.
*816 As the learned judge was correct in the views he took, the judgment must be affirmed, with costs.
O’GrORMAN, J., concurs.
The trial judge, in directing the verdict, spoke as follows :
The damages sought to he recovered by way of counterclaim are not in a legal sense the natural or approximate consequence of the representations charged to have been made; nor are the representations thus actionable because the parties dealt with each other at arm’s length, and the representations constituted only what is commonly known as seller’s talk. Moreover, it now appears that a representation as to the cost of the machinery, fixtures, tools, etc., was true, or, at least, there is no evidence that it was false. All the other representations constituted mere expressions of opinion, and most of them related to future contingencies contemplated. In no aspect of the case, therefore, can the defendant recover on bis counterclaim.
Then the only question lis whether a defense has been shown by way of failure of consideration available to the defendant upon the cause of action sued upon. The contract provided that the $1,350 should become due and payable at the expiration of six months, if the defendant at that time was satisfied with the business. Assuming that at that time he was not satisfied, then, whenever he came to the point that he wanted to rescind, the contract provided that he had to return the machinery and the goods. He never returned them to the plaintiff. He turned them over to the creditors. By that act he disabled himself from ever rescinding, and, therefore, must be held liable upon that due bill. The plaintiff is entitled to the direction of a verdict.